UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMIR M. HUJJUTALLAH, | Case No. 2:24-cv-01486-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 4] |
| EQUIFAX DATA SERVICES LLC, et al., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

I. ***In Forma Pauperis* Application**

Plaintiff filed an amended application to proceed *in forma* pauperis as required by § 1915(a). Docket No. 4.[1] Plaintiff has therein shown an inability to prepay fees and costs or give security for them. Accordingly, the amended application to proceed *in forma pauperis* (Docket No. 4) will be granted pursuant to 28 U.S.C. § 1915(a).

II. **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] The initial application was rejected because it was not signed. *See* Docket No. 3.

1

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

In this case, Plaintiff initially filed a proposed complaint that was rejected because it was not signed. *See* Docket No. 3; *see also* Docket No. 1-2. The Court ordered Plaintiff to file a signed proposed complaint by August 28, 2024. Docket No. 3 at 1. On August 26, 2024, Plaintiff attached to his renewed application to proceed *in forma pauperis* a document consisting of a collection of exhibits. *See* Docket No. 4-1. Given the procedural circumstances, it appears that this document is meant to act as Plaintiff's amended complaint.[2] Compiling a grouping of exhibits, however, does not substitute for the requirement for providing a short, plain statement of the claims. *See Carroll v. Spearman*, 2018 WL 1392119, at *3 (E.D. Cal. Mar. 20, 2018) (explaining that "[t]he court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant"), *adopted*, 2018 WL 2716939 (E.D. Cal. June 6, 2018); *see also United*

---

[2] It is well established that "an amended complaint supersedes the original," with the initial complaint being treated thereafter as "non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). As such, the Court will screen the amended complaint without referencing back to the original complaint.

2

*States ex rel. Garst v. Lockheed–Martin*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud").

For these reasons, the amended complaint is **DISMISSED** with leave to amend. The Court does not require evidence in support of Plaintiff's claims at this time, but rather a short, plain statement showing that he has a colorable claim on which to proceed.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 4) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file the amended complaint (Docket No. 4-1) on the docket.

3. Plaintiff's amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 10, 2025**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes earlier pleadings. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4. **Failure to file a second amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 13, 2024

                                                          _____
                                                          Nancy J. Koppe
                                                          United States Magistrate Judge