UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMIR M. HUJJUTALLAH,<br><br>    Plaintiff(s),<br><br>v.<br><br>EQUIFAX DATA SERVICES LLC, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-01486-CDS-NJK<br><br>**ORDER** |

Pending before the Court is Plaintiff's consolidated complaint. Docket No. 11.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants

are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff brings this consolidated suit against the three credit reporting agencies. The factual allegations in the consolidated complaint boil down to the following:

1. Plaintiff obtained credit reports from Defendants and discovered inaccuracies, including but not limited to incorrect personal information, outdated accounts, and erroneous negative information.

2. Plaintiff disputed these inaccuracies with each Defendant and provided supporting documentation requesting investigations under 15 U.S.C. § 1681li(a)(1)(A).

3. Defendants failed to conduct a reasonable investigation as required by the [Fair Credit Reporting Act] and continued reporting inaccurate and misleading information on Plaintiff's credit reports.

4. Defendants violated 15 U.S.C. § 1681e(b) by failing to maintain and follow reasonable procedures to ensure the maximum possible accuracy of Plaintiff's consumer reports.

5. As a result of Defendants' willful and negligent conduct, Plaintiff suffered financial harm, credit denials, damage to reputation, and emotional distress.

Docket No. 11 at 2. Plaintiff then lists different laws that he claims were violated by these alleged circumstances. *See id.* at 3.

These allegations in the consolidated complaint lack the factual detail necessary to state a claim. Indeed, they consist of the type of formulaic recitation of the elements of a cause of action that the United States Supreme Court has flatly rejected as insufficient to state a claim on which relief may be granted. Accordingly, the consolidated complaint will be dismissed. If Plaintiff believes he can cure this deficiency, he is permitted to file an amended consolidated complaint. As the Court has already made similar Rule 8 determinations in this case, *see, e.g.*, Docket No. 6

at 2-3 (dismissing amended complaint for failing to provide a short plain statement showing a colorable claim for relief), this will be the final opportunity for Plaintiff to file a complaint that complies with Rule 8.

For these reasons, the consolidated complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 5, 2025**, to file an amended consolidated complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes earlier pleadings.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.  **Failure to comply with this order may result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge