UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amir M. Hujjutallah, | Case No. 2:24-cv-01486-CDS-NJK |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Equifax Data Services LLC, et al., | [ECF No. 13] |
| Defendants | |

Plaintiff Amir M. Hujjutallah filed this lawsuit against multiple defendants alleging violations of the Fair Credit Reporting Act (FCRA).[1] Compl., ECF No. 1-1. United States Magistrate Judge Nancy J. Koppe screened Hujjutallah's amended complaint but dismissed it with leave to amend because it failed to include a short, plain statement of the claims. Order, ECF No. 6. Hujjutallah filed an amended compliant (ECF No. 7) and then a second amended complaint (ECF No. 8). Shortly thereafter, Hujjutallah's three identical actions were consolidated (ECF No. 9), and Hujjutallah was reminded to file a single, consolidated complaint against all defendants (ECF No. 10). Hujjutallah timely complied, but Judge Koppe found that the "allegations in the consolidated complaint lack[ed] the factual detail necessary to state a claim." Order, ECF No. 12 at 2. Hujjutallah was granted one final opportunity to file a complaint that complied with the requirements of Federal Rule of Civil Procedure 8. *Id.* at 3. After Hujjutallah failed to file an amended complaint by the deadline, or to request additional time to do so, Judge Koppe issued a report and recommendation (R&R) to dismiss this action. R&R, ECF No. 13.

---

[1] Hujjutallah brought three actions against different credit-reporting agencies alleging violations of the FCRA. Because the facts alleged and causes of action pursued are identical, the cases were consolidated. Order, ECF No. 9.

1    Hujjutallah had until October 14, 2025, to file any objections to the R&R. *Id.* (citing LR
2 IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections
3 with supporting points and authorities within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C)
4 (same). To date, Hujjutallah has not objected to the R&R nor requested more time to do so. The
5 law is clear that "no review is required of a magistrate judge's report and recommendation unless
6 objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v.*
7 *Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). I
8 nonetheless reviewed the record, and the magistrate judge's R&R, and agree that dismissal is
9 appropriate because Hujjutallah has not submitted an amended complaint as ordered.

I.    Discussion

   District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

   The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Hujjutallah's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot realistically proceed until and unless Hujjutallah files an amended complaint, the only alternative is to enter a second order setting another deadline. But that often only delays the inevitable. So the fifth factor also favors dismissal.

## II.  Conclusion

Having thoroughly considered the factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Hujjutallah's failure to file an amended complaint in compliance with Judge Koppe's August 7, 2025 order.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: October 24, 2025

_____
Cristina D. Silva
United States District Judge